**SO ORDERED.**

**SIGNED this 20 day of September, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION**

| | |
|---|---|
| **IN RE:** | |
| **KEVIN JUNIOR GRICE,** | **Case No. 07-00502-8-JRL** |
| Debtor. | |
| **KEVIN JUNIOR GRICE,** | **Adversary Proceeding No. 07-00020-8-AP** |
| Plaintiff, | |
| v. | |
| **RENT-A-CENTER EAST, INC.,** Previously Known as **RENT-A-CENTER, INC.,** a/k/a **RENT-A-CENTER, INC.,** d/b/a **COLORTYME,** | |
| Defendant. | |

_____

**ORDER**

This case is before the court on the debtor's motion for summary judgment. On August 13, 2007, the court conducted a hearing on this matter in Raleigh, North Carolina.

**UNDISPUTED FACTS**

1.  On December 19, 2006, the plaintiff/debtor, Kevin Grice ("Grice"), entered into a Rental Agreement with the defendant, Rent-A-Center East, Inc. ("Rent-A-Center"), for the rental

        with option to purchase of a computer and computer desk.

2. Rent-A-Center is a corporation organized and existing under the laws of North Carolina with a principal place of business located at 5700 Tennyson Parkway, 3rd Floor, Plano, Texas 75024.

3. On February 13, 2007, Grice filed for relief under Chapter 13 of the Bankruptcy Code.

4. Rent-A-Center was listed as a secured creditor in the amount of $500 on the debtor's petition, with a computer and computer desk as collateral.

5. The debtor's plan provides for the surrender of the collateral to Rent-A-Center.

6. On February 15, 2007, Kenneth Brown ("Brown"), a manager at Rent-A-Center, contacted the debtor's place of employment, The United States Marine Corp at Camp Lejeune, North Carolina. This conversation resulted in a meeting scheduled for February 20, 2007 between Brown and Gunnery Sergeant Kevin McKinney ("McKinney"), Grice's Staff-Non-Commissioned Officer in Charge.

7. On February 16, 2007, debtor's attorney, Roger A. Moore, prepared a letter to Rent-A-Center demanding that Rent-A-Center cease and desist their actions in contacting the debtor and his place of employment. On the same day, the letter was faxed to 910-577-7454 and placed in first class mail to Kenneth Brown, 236 Brynn Marr Road, Jacksonville, N.C. 28546.

8. On February 20, 2007, Brown met with Staff Sergeant Kevin Davis and McKinney at Rent-A-Center on Brynn Marr Road, Jacksonville, N.C. 28546.

9. On February 20, 2007, Grice returned the computer and desk to Rent-A-Center.

## STANDARD OF REVIEW

        Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Bankruptcy

Rule 7056, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962).

## ANALYSIS

On February 22, 2007, Grice filed a Motion for Damages for Willful Violation of Stay Order, supported by a Declaration in Support of Motion for Contempt ("the Declaration"). In the Declaration, Grice asserts that on February 13, 2007, the same day he filed his Chapter 13 case, he called Brown, a manager at Rent-A-Center, and advised him that he had just filed bankruptcy. In his affidavit, Grice asserts that he gave Brown his bankruptcy case number and his attorney's name and contact information. Grice alleges that Brown made several phone calls to his place of employment during the period between February 14 and February 16, 2007, after he gave notice to Brown that he had filed bankruptcy. In addition, Grice asserts that on February 13, 2007, Brown appeared at his residence and told his mother, Effie Louise Grice, that he had come to collect the computer and that a warrant would be issued for Grice's arrest.

On March 13, 2007, the debtor filed a Complaint Seeking Damages in Core Adversary Proceeding. In the complaint, the debtor makes several claims against Rent-A-Center for the post-

3

petition efforts of Rent-A-Center to collect the debt: (A) violation of the automatic stay pursuant to 11 U.S.C. § 362, (B) violation of Article 2 the North Carolina Unfair and Deceptive Acts and Practices Laws, N.C. Gen. Stat. §§ 75-1, 75-50 to 56 (NCUDAP), for engaging in conduct the natural consequence of which is to oppress, harass, or abuse, (3) violation of the North Carolina Debt Collection Act, N.C. Gen. Stat. §§ 75-50 et. seq. (NCDCA), for making fraudulent, deceptive, or misleading representations, and (4) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA).

### A.  Violation of the Automatic Stay

The defendant has moved for summary judgment on the debtor's claim that Rent-A-Center violated the automatic stay by making telephone calls to the debtor's place of employment after receiving notice that he filed a Chapter 13 petition.  The automatic stay goes into effect immediately upon the filing of the bankruptcy case and prohibits all entities from "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case[.]"  11 U.S.C. § 362(a)(6).  Such acts "are invalid even though the creditor had no notice of the bankruptcy case." Brockington v. Citizens & S. Nat'l Bank of South Carolina (In re Brockington), 129 B.R. 68, 70 (Bankr. D.S.C. 1991).  The Bankruptcy Code provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).  The law is clear that a "willful violation" of the automatic stay does not require the "specific intent" to violate the stay, but merely requires a finding that the defendant knew of the stay and that the acts of the defendant were intentional.  Cooper v. Shaw Express, 1995 U.S. App. LEXIS 29654 at *10 (4th Cir. 1995) (quoting In re Atlantic Bus. and Community Corp., 901 F.2d 325, 329 (3rd Cir. 1990)).

4

In this case, the defendant assumes that oral notification of a bankruptcy case to a creditor by a debtor is insufficient notice of the bankruptcy petition. However, written notice of the filing of a bankruptcy petition is not required in order to have sufficient notice of the petition. Mercer v. D.E.F. Inc., 48 B.R. 562, 546 (Bankr. D.Minn. 1985). Further, it is widely held that "disbelief of a debtor's filing because his or her statement is unaccompanied by other proof or corroboration is no defense to a willful violation of the stay." Brockington, 129 B.R. at 71; In re Weiss, 108 B.R. 570 (Bankr. S.D.W.Va. 1989); In re Wariner, 16 B.R. 216 (Bankr. N.D.Texas 1981). Creditors who ignore the statements of debtors who claim to have filed bankruptcy act at their own peril when collection efforts are continued after receiving such notice. Brockington, 129 B.R. at 70. Although a general statement that one "might" file bankruptcy may not provide sufficient notice of the bankruptcy case, a creditor does have sufficient notice when a debtor claims to have filed bankruptcy and provides a bankruptcy case number and attorney contact information. With such information, a simple search of the docket could clear up any doubt over whether the debtor has actually filed bankruptcy.

Rent-A-Center also argues that it is entitled to summary judgment on the automatic stay claim because it did not receive notice of the bankruptcy case until February 20, 2007, and that no collection efforts were made after receiving this notice. Grice contends that he notified Rent-A-Center of his Chapter 13 petition on February 13, 2007 by a phone call to Brown, and that at such time, he provided Brown his bankruptcy case number and the name of his attorney. Such acts, if true, would give Rent-A-Center actual knowledge of Grice's bankruptcy petition, which could give rise to recovery for willful violation of the automatic stay under § 362(k). However, Rent-A-Center contends that it had no notice of Grice's Chapter 13 petition until February 20, 2007 and that it made no attempt to contact Grice's place of employment after getting notice of the petition. In support

5

of this contention, the defendant provides affidavits of two Rent-A-Center employees in which they state that they had no contact with Grice after learning of his bankruptcy. In addition, the defendant provides an Affidavit of McKinney, in which McKinney states that he did not know of any Rent-A-Center employee attempting to contact the debtor after February 15, 2007.

Viewing the record as a whole in the light most favorable to the non-moving party, the court finds that a genuine issue of material fact exists regarding whether the defendant willfully violated the automatic stay by contacting the debtor's place of employment after receiving notice that the debtor filed his Chapter 13 petition. Because issues of material fact exist regarding Rent-A-Center's post-petition contact with Grice's place of employment, summary judgment is denied as to the debtor's automatic stay violation claim.

**B. North Carolina Unfair and Deceptive Acts and Practices Claim**

Second, Rent-A-Center moves for summary judgment on the debtor's claim that Rent-A-Center violated the NCUDAP. The NCUDAP prohibits the use of "unfair or deceptive acts or practices in or affecting commerce." N.C. Gen. Stat. § 75-1.1(a). However, for claims that solely pertain to debt collection, the NCDCA, not the NCUDAP, is the appropriate remedy. Id. § 75-56. Therefore, a claim "can only be asserted under the [NCUDAP] if there is some abusive conduct alleged to have occurred outside the realm of debt collection." DIRECTV, Inc. v. Cephas, 294 F. Supp. 2d 760, 765 (M.D.N.C. 2003). For purposes of the NCUDAP, the term "debt" means "any obligation owed or alleged to be owed or due from a consumer," and the term "debt collection" is defined as "any person engaging, directly or indirectly, in debt collection from a consumer." N.C. Gen. Stat. §§ 75-50(1), (3).

The debtor argues that the actions of Rent-A-Center constitute a violation of the Bankruptcy Code, which, in turn, gives the debtor a cause of action under the NCUDAP. Specifically, the debtor

6

argues that the conduct of Rent-A-Center lies outside the "realm of debt collection" because the acts of going to the debtor's home and threatening him with an arrest warrant "relate[] to the debtor personally." However, the court does not find this argument persuasive. The debtor does not provide any evidence which tends to show that Rent-A-Center's alleged actions were done for purposes other than to collect the money owed by Grice to Rent-A-Center or to repossess the leased goods. Although Rent-A-Center's conduct, if true, could violate laws other than the NCDCA, this does not mean that the conduct itself was undertaken for purposes other than debt collection. Therefore, viewing the record as a whole in the light most favorable to the non-moving party, the court finds that the alleged acts of Rent-A-Center pertain solely to debt collection, that the NCDCA is the appropriate remedy, and grants summary judgment on the NCUDAP claim in favor of defendant.

**C. Violation of the North Carolina Debt Collection Act**

Rent-A-Center also moves for summary judgment on the debtor's claim that Rent-A-Center violated the NCDCA. Under the NCDCA, "[n]o debt collector shall collect or attempt to collect any debt alleged to be due and owing from a consumer by means of any unfair threat, coercion, or attempt to coerce." N.C. Gen. Stat. § 75-51(5). "To state a claim under the [NCDCA], a claimant must establish three elements: (1) the alleged obligation is a 'debt,' (2) the claimant owing the obligation is a 'consumer,' and (3) the party attempting to collect the debt is a 'debt collector.'" Reid v. Ayers, 138 N.C. App. 261, 263, 531 S.E.2d 231, 233 (2000).

First, Rent-A-Center asserts that they are entitled to summary judgment on the NCDCA claim because the alleged request for information about Grice's debt by McKinney falls within the exception for third party communications, which allows a debt collector to communicate with "a person who makes a legitimate request for the information." N.C. Gen. Stat. § 75-53(1)(b). In his

7

complaint, Grice asserts that Rent-A-Center violated the NCDCA by providing information regarding Grice's debt to his superior, McKinney, at his place of employment. Under the NCDCA, debt collectors are specifically prohibited from "unreasonably publicizing information regarding a consumer's debt." N.C. Gen. Stat. § 75-53. However, § 75-53 provides a narrow exception to the NCDCA's general prohibition against unreasonable publication of a consumer debt where the disclosure is made "[t]o persons employed by the debt collector, to a credit reporting agency, to a person or business employed to collect the debt on behalf of the creditor, or to a person who makes a legitimate request for the information." Id. Rent-A-Center argues that any disclosure it made to McKinney that Grice was delinquent in his payments falls within this exception because the disclosure was a response to McKinney's question regarding why Rent-A-Center was looking for Grice. Rent-A-Center asserts that this was a "legitimate request for the information" and thus permissive under the NCDCA. However, this exception is inapplicable to these facts. In this case, McKinney was only able to ask for the information as a result of Rent-A-Center's phone call to Grice's place of employment, which itself, if established, could constitute a violation of the NCDCA.

Second, the defendant moves for summary judgment on the NCDCA claim on the grounds that there is no personal knowledge forming the basis of the allegations and that the debtor's allegations are countered by the affidavits of Rent-A-Center personnel and McKinney. However, courts are prohibited from making credibility determinations when ruling on summary judgment motions. Anderson v. Liberty Lobby, 477 U.S. 242, 255, 106 S. Ct. 2505, 2503 (1986). In this case, the debtor has presented evidence that, if true, constitutes a violation of the NCDCA. First, the debtor alleges that Rent-A-Center violated the NCDCA provisions that prohibit a debt collector from: (1) "[f]alsely accusing or threatening to accuse any person of fraud or any crime, or of any

8

conduct that would tend to cause disgrace, contempt, or ridicule," (2) "[r]epresenting that non-payment of an alleged debt may result in the arrest of any person," and (3) "[t]hreatening to take any action not permitted by law." N.C. Gen. Stat. §§ 75-51(2), (5), (8). Specifically, the debtor alleges that Rent-A-Center violated the NCDCA by telling the debtor's mother and a corporal at his place of employment that an arrest warrant had been or would be issued for the debtor, in violation of § 75-51. The Affidavit of Effie Louise Grice states that on February 13, 2007 a man who claimed to be a Rent-A-Center representative came to the debtor's home and advised Mrs. Grice that if the debtor did not come to his office the next day, he would issue a warrant for his arrest. Further, the Declaration of Grice states that on February 15, 2007, Brown called the debtor's place of employment and advised Corporal Spring that a warrant had been issued for the debtor's arrest. If true, such acts by Rent-A-Center form the basis of a § 75-51 claim. Therefore, viewing the record as a whole in the light most favorable to the non-moving party, the court finds that a genuine issue of material fact exists regarding whether Rent-A-Center violated the NCDCA and denies summary judgment as to the NCDCA claim.

**D. Fair Debt Collection Practices Act**

The defendant also moves for summary judgment on the debtor's claim that Rent-A-Center violated the FDCPA. Under the FDCPA "a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. However, the statute specifically excludes from the term "debt collector" "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a.

In this case, the debtor does not allege that any collection efforts were made by anyone other than Rent-A-Center employees. Specifically, in Grice's complaint, he alleges that Brown, the

9

manager of Rent-A-Center, was responsible for phone calls made to the debtor's place of employment. Further, the Affidavit of Effie Louise Grice, supplied by the debtor, only operates to show that a Rent-A-Center representative visited Grice's home after the bankrupcy petition was filed. Grice presents no evidence that any debt collection effort was made by anyone other than an employee or representative of Rent-A-Center. Therefore, the court rejects the debtor's argument that the FDCPA applies to the alleged debt collection attempts by Rent-A-Center and grants summary judgment on this claim in favor of defendant.

## **CONCLUSION**

Based on the forgoing, the defendant's motion for summary judgment is ALLOWED in part and DENIED in part, and the plaintiff's motion to strike is DENIED. Specifically, the court ALLOWS summary judgment as to the NCUDAP claim and the FDCPA claim, and DENIES summary judgment as to the automatic stay violation claim and the NCDCA claim.

END OF DOCUMENT